Fremont-Smith, J.
This appeal from a decision of the Dracut Zoning Board of Appeals (“ZBA”), pursuant to Mass. G.L.c. 40A §17, was submitted to the court on agreed facts, and a hearing was waived.
Based upon the agreed facts, the Court enters the following findings, rulings, and judgment.
FINDING AND RULINGS
In 1956, the plaintiffs purchased twelve lots each containing five thousand square feet with fifty feet of frontage. Although, in 1946, the Town had adopted a zoning bylaw requiring a building lot to have twenty- *29 two thousand square feet and one hundred twenty-five feet of frontage, the plaintiffs were grandfathered pursuant to the fourth paragraph of §6 of G.L.c. 40A, first sentence, as their premises were shown on a deed recorded in 1897 to have been subdivided into twelve lots each with five thousand square feet and fifty feet of frontage. See Ferzoco v. Board of Appeals of Falmouth, 29 Mass.App.Ct. 986 (1990).
In 1958, the zoning ordinance was amended to establish more stringent lot size and frontage requirements, but the amendment grandfathered lots which contained the previous total square footage and frontage requirements.
In 1982, however, plaintiffs recorded a subdivision plan wherein the twelve previous lots were subdivided into only two large lots, one having forty-five thousand square feet and the other fifteen thousand square feet. Since each of the lots had more than the required frontage, the Planning Board considered the plan, prior to recording, as requiring no Planning Board approval.
As one of the lots, however, contained less than the twenty-two thousand required square footage, plaintiffs also applied in 1982 for a variance, which was granted, and plaintiffs proceeded to build a residence on that lot.
In 1992, plaintiffs sought to sell their remaining lots as the five-thousand square foot lots which had been indicated on the original 1897 subdivision plan. When the building inspector refused to issue building permits, plaintiffs petitioned the ZBA for a variance, seeking to have it rescind its 1982 variance, hoping thereby to restore the twelve original lots to their status as grandfathered building lots.
The Court concludes, however, that, upon the above agreed facts, there is no legal basis upon which the ZBA could have done this, so that it did not exceed its authority when it declined to do so. When plaintiffs reconfigured their land into two large lots in 1982, they ceased to be grandfathered under the 1897 subdivision plan with respect to the 1946 and 1958 zoning bylaws. After obtaining a variance in 1982 from those requirements, they proceeded to build upon one of the two newly created lots. In these circumstances, there was no legal basis upon which the ZBA could “turn back the clock” to the pre-1982 situation, and no legal basis upon which it could have rescinded its prior award of a variance to the plaintiffs.
JUDGMENT
Accordingly, the complaint is dismissed and judgment is entered in favor of the defendants.